```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                    ATHENS DIVISION
```

JOHN A. DICKERSON, administrator  *
of the Amy Sue Walker Estate,
                                  *
     Plaintiff,
                                  *
vs.
                                  *    CASE NO: 3:07-CV-111 (CDL)
AMERICAN NATIONAL PROPERTY AND
CASUALTY COMPANY,                 *

     Defendant.                   *

## O R D E R

This relatively uncomplicated "bad faith" refusal to settle case has generated five contested discovery motions with five separate briefs, most of which were unnecessary and excessive in their verbosity.[1] The Court held a hearing on the motions on August 4, 2008 and issued rulings from the bench. Several of those rulings were based upon the Court's determination of the scope of admissible evidence. Although the Court expressed its rationale on the record at the hearing, the Court finds it appropriate to place that rationale in writing with this Order.

This case arises from Defendant's failure to settle a claim for injuries allegedly caused by its insured after the injured party made a time-limited demand for the policy limits. When Defendant failed

---

[1] Those motions are: (1) Defendant's Motion for Reconsideration (Doc. 27); (2) Plaintiff's Motion to Compel (Doc. 44); (3) Defendant's Motion to Limit Discovery (Doc. 47); (4) Defendant's Motion to Compel Deposition (Doc. 46); and (5) Plaintiff's Motion to Quash Depostion Subpoena (Doc. 45).

1

to accept the demand, the case proceeded to trial where an excess jury verdict and judgment were obtained against Defendant's insured. Defendant's insured then filed the present action against Defendant based upon Defendant's alleged bad faith refusal to settle the case within the insured's policy limits when it had the chance.

Plaintiff alleges that Defendant was negligent and acted in bad faith when it failed to accept the policy limits demand. Plaintiff also argues that Defendant acted in bad faith *subsequent* to its failure to accept the policy limits demand when it refused to negotiate for a resolution of the underlying claim for an amount *in excess* of its policy limits. Plaintiff therefore seeks discovery of evidence relating to Defendant's handling of the underlying claim subsequent to the expiration of the policy limits demand. Defendant responds that the relevant time period for evaluating Defendant's conduct is from the date that Defendant was first placed on notice of the claim through the date that it had an opportunity to resolve the claim within its liability policy limits. It argues that its conduct occurring after the policy limits demand was withdrawn is irrelevant. The Court agrees with Defendant.

## DISCUSSION

It is well-settled under Georgia law that "[a]n insurance company may be liable for damages to its insured for failing to settle the claim of an injured person where the insurer is guilty of negligence, fraud, or bad faith in failing to compromise the claim." *S. Gen. Ins. Co. v. Holt,* 262 Ga. 267, 268, 416 S.E.2d 274, 276

2

(1992) (citing *McCall v. Allstate Ins. Co.,* 251 Ga. 869, 870, 310 S.E.2d 513, 514 (1984)). "In deciding whether to settle a claim within the policy limits, the insurance company must give equal consideration to the interests of the insured." *Id.* (citing *Great Am. Ins. Co. v. Exum,* 123 Ga. App. 515, 519, 181 S.E.2d 704, 707 (1971)).

The essence of a bad faith refusal to settle claim is "whether the insurance company acted reasonably in responding to a settlement offer." *Cotton States Mut. Ins. Co. v. Brightman,* 276 Ga. 683, 685, 580 S.E.2d 519, 521 (2003). "An insurance company may be liable for the excess judgment against its insured based on the insurer's bad faith or negligent refusal to settle a personal injury claim within the policy limits." *Id.* at 684, 580 S.E.2d at 521. The insurer's negligence is determined from the perspective of the ordinarily prudent insurer. *Id.* at 685, 580 S.E.2d at 521. If the ordinarily prudent insurer would have concluded that the risk of an excess verdict at trial was an unreasonable risk to take with its insured's assets, then the insurer may be found negligent and held responsible for any judgment in excess of its policy limits. *Id*.

An insurer's liability for its decision not to settle a case when it had an opportunity to do so is necessarily based upon an evaluation of what information was reasonably available to the insurer at the time it had an opportunity to settle the case within its limits. Once that opportunity has been lost, the insurer's subsequent conduct is generally not relevant on the issue of whether

it was negligent in failing to settle the case within its limits when it had the chance. What the insurer knew at the time it failed to accept the offer is the critical issue.

In this case, Plaintiff asserts the basic bad faith failure to settle claim, alleging that Defendant was negligent when it failed to accept Plaintiff's time-limited policy limits demand. Plaintiff tries to juice up that claim, however, by also arguing that Defendant acted in bad faith when it refused to engage in negotiations in *excess* of its policy limits after Plaintiff withdrew its time-limited policy limits demand. Plaintiff maintains that Defendant had a continuing duty to protect its insured's assets even if it meant settling the case for more than its policy limits. Plaintiff reasons that once Defendant failed to accept the policy limits demand, it had a continuing duty to get the case settled for any reasonable amount. Plaintiff's argument is contrary to Georgia law. The Georgia Supreme Court recognizes that an insurer does not have an affirmative duty under these circumstances "to engage in negotiations concerning a settlement demand that is in excess of the insurance policy's limits." *Brightman*, 276 Ga. at 686, 580 S.E.2d at 522.

In this case, Defendant's liability depends upon whether it was negligent or acted in bad faith when it failed to settle the underlying claim *within its policy limits.* Defendant's conduct after it failed to accept the policy limits demand, no matter how bad, is not relevant to its bad faith or negligence in failing to settle the claim within the policy limits. Similarly, once Plaintiff

4

establishes that Defendant negligently failed to accept the policy limits demand, Defendant may be on the hook for the excess verdict even if it subsequently exercises the utmost good faith and makes reasonable offers to settle the claim in excess of its policy limits. Its subsequent conduct is simply not relevant on the issue of whether it was negligent or acted in bad faith when it failed to settle the case within the policy limits when it had the opportunity to do so.

The Court also rejects Plaintiff's argument that Defendant's subsequent claims handling is admissible on the issue of punitive damages. The Court found, and reaffirms today, that the punitive damages claim must be based upon the conduct giving rise to the compensatory damages claim. It is well-established that when a plaintiff "cannot recover on his underlying tort claims . . . there can be no punitive damages thereon." *See Green v. Home Depot U.S.A., Inc.,* 277 Ga. App. 779, 783, 627 S.E.2d 836, 839 (2006). As discussed above, the subsequent claims handling conduct is not relevant to the compensatory damages claim. Moreover, no separate cause of action exists for Defendant's failure to settle the claim for an amount in excess of its policy limits. Therefore, Plaintiff's punitive damages claim cannot be based on that conduct. It must be based upon Defendant's failure to settle the claim within the policy limits. Accordingly, Defendant's failure to attempt to settle the claim after the policy limits demand had been withdrawn is not admissible on Plaintiff's claim for punitive damages.

As stated at the hearing and reiterated hereinabove, Defendant's handling of the underlying claim after the policy limits demand was withdrawn is irrelevant to any of the issues in this case. Therefore, that evidence is not discoverable, with one caveat. The Court recognizes the possibility that some evidence may exist that was created after the policy limits demand expired that may relate to Defendant's initial decision not to accept the policy limits demand. For example, if Defendant's agents admitted after the policy limits demand expired that they knew the claim should have been paid at the time but they were following a company "hard ball" policy to simply deny every claim regardless of its merits, then that subsequent evidence would certainly be relevant and discoverable. Such evidence is probative of whether Defendant was negligent or acted in bad faith in failing to accept the policy limits demand when it had the opportunity to do so. Therefore, Plaintiff shall be entitled to discovery of information that relates to the initial decision not to accept the policy limits offer even if that information occurred after the decision not to pay the policy limits was made. If the information does not relate to that decision, however, then it is not discoverable.

IT IS SO ORDERED, this 5th day of August, 2008.

          S/Clay D. Land
          CLAY D. LAND
          UNITED STATES DISTRICT JUDGE